O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GAETA ZAMBRANO, <br><br> Petitioner, <br><br> v. <br><br> SANDRA GATT, <br><br> Respondent. | Case No. 8:21-cv-00994-PA-KES <br><br> ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I.
## BACKGROUND

In August 2018, Jose Gaeta Zambrano ("Petitioner") pled guilty in the U.S. District Court for the Southern District of California to one count of importation of methamphetamine. He was sentenced to 84 months (approximately 7 years) in the custody of the federal Bureau of Prisons ("BOP"), to be followed by a 4-year term of supervised release. United States v. Gaeta-Zambrano, No. 3:17-cr-04371 (S.D. Cal. Aug. 28, 2018) (judgment at Dkt. 34).

In June 2021, Petitioner filed a pro se petition in this action under 28 U.S.C. § 2241. ("Petition" at Dkt. 1.) The Court dismissed the initial Petition with leave

1

to amend, finding that: (a) this Court lacks jurisdiction over the request for a sentence reduction under 18 U.S.C. § 3582(c), as such relief must be sought from the sentencing court; (b) the challenge to the conditions of Petitioner's confinement should be raised in a civil rights complaint under 42 U.S.C. § 1983 rather than in a habeas petition; (c) the Petition did not include enough facts about the prison disciplinary proceedings it sought to challenge on due process grounds; and (d) the Petition alleged that the BOP had incorrectly calculated his time credits but did not adequately explain how.  (Dkt. 3.)

Petitioner timely filed a First Amended Petition ("FAP" at Dkt. 4).  The Court directed Respondent to file a response to the Petition, which the Court construed as raising the following four claims:

> Ground 1: Petitioner's sentence should be reduced because the "harsh prison conditions that are a direct result of the COVID-19 pandemic" were "not envisioned at the time of [his] sentencing." (FAP at 1; see also Pet. at 6.)
>
> Ground 2: The conditions of Petitioner's confinement violate his due process rights because he is not being allowed "a regular exercise period; access to dental treatment; and to use [his] commissary funds to pay financial obligations to include court filing fees, opening a savings account, or assisting [his] family." (Id. at 1-2; see also Pet. at 3.)
>
> Ground 3: Petitioner's due process rights were violated when he was transferred from home confinement to the Santa Ana Jail, after "officials at the Rubidoux halfway house in Riverside, CA" conducted a urine test and found he had consumed alcohol. (FAP at 2; see also Pet. at 6.)  Petitioner argues he should have been given "a DHO hearing" before being transferred, at which he would have explained that his consumption of alcohol was unintentional. (FAP at 2.)

Petitioner argues he may raise this issue in a § 2241 petition because "[g]oing from home confinement to conventional incarceration was a 'quantum' change in how [his] sentence is being carried out...." (Id.)

<u>Ground 4</u>: Petitioner's release date is incorrect because [BOP] officials have not given him good time credits or earned time credits to which he is entitled under the First Step Act. (<u>Id.</u>; <u>see also</u> Pet. at 6.)

(Dkt. 5.)

On August 13, 2021, Respondent filed a motion to dismiss the FAP, arguing that: (1) "Petitioner's challenge to the legality of his current sentence is not properly brought under 28 U.S.C. § 2241 – Petitioner should file a petition under 28 U.S.C. § 2255 in the jurisdiction of his conviction to attack the legality of the sentence imposed"; and (2) "Petitioner has failed to properly and timely exhaust the administrative remedy process" because he "has not submitted any administrative grievances while in BOP custody." (Dkt. 11 at 3, 6.)

Petitioner's response to the motion was initially due by September 2, 2021. (Dkt. 5 at 3 ¶ 4.) The Court later extended this deadline to September 20, 2021, after it appeared that Petitioner had not received certain court filings due to a transfer to USP Lompoc. (Dkt. 13.)

On October 6, 2021, having received no response from Petitioner, the Court extended the response deadline to November 5, 2021. (Dkt. 14.) The Court warned Petitioner that if he failed to timely respond, the Court might grant the motion to dismiss as unopposed or dismiss the action for lack of prosecution and/or failure to obey court orders. (<u>Id.</u> at 2.) As of the date of this order, the Court has not received any response from Petitioner.

## II.
## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to

follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1]

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### III.
### DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—favors dismissal here because Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).

The third factor—prejudice to Respondent—favors dismissal. A rebuttable

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

presumption of prejudice to the respondent arises when a petitioner unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Petitioner that failure to respond might result in a dismissal of this action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, the effect of this factor is somewhat mitigated by the fact that some or all of the claims in the Petition appear to be subject to dismissal, for the reasons discussed in Respondent's motion to dismiss (Dkt. 11) and the Court's order dismissing the initial Petition with leave to amend (Dkt. 3).

Given that the enumerated factors largely support dismissal, this action shall be dismissed pursuant to Rule 41(b) and Local Rule 41-1. The Court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, the action shall be dismissed in its entirety without prejudice.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing the First Amended Petition and this action without prejudice for failure to prosecute.

DATED:  December 3, 2021

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE